UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CORNELIUS D. PIERCE #177752, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-cv-00962 |
| DAVIDSON COUNTY SHERIFF OFFICE, et al., | ) ) ) ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM

Cornelius D. Pierce, an inmate at the Downtown Detention Center, filed a pro se civil rights complaint under 42 U.S.C. § 1983, an application to proceed as a pauper (Doc. No. 2), and three letters clarifying the complaint. (Doc. Nos. 4, 5, 6.) The complaint is before the court for initial review, and as explained below, this case will be dismissed for failure to state a claim.

**I.  Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because the plaintiff cannot pay the full filing fee in advance (*see* Doc. No. 2 at 4), his application will be granted, and the $350.00 filing fee will be assessed against him. 28 U.S.C. § 1915(b).

**II.  Initial Review**

The court must liberally construe the complaint and dismiss any part of it that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A.  Allegations**

The plaintiff is a convicted prisoner housed at the Downtown Detention Center (DDC). (Doc. No. 1 at 5.) This case concerns his ability to order commissary items. For the purpose of

initial review, the court will consider together the allegations in the complaint (Doc. No. 1), grievances attached to the complaint (Doc. No. 1-1), and three clarifying letters. (Doc. Nos. 4, 5, 6.)[1] As defendants, the plaintiff names: (1) the Davidson County Sheriff's Office; (2) Darren Hall, the Davidson County Sheriff; (3) Carla Joseph, a DDC Administrator; (4) Thomas Conrad, DDC's Chief of Security; (5) Garavissa Earl, a Case Manager Supervisor at DDC; (6) Patyce Mayberry, a DDC Case Manager; and (7) Tennessee Business Enterprises, the company that allegedly "control[s] all commissary actions" at DDC. (Doc. No. 1 at 1–4, 7; Doc. No. 4; Doc. No. 5.) Liberally construing the filings in the plaintiff's favor, he alleges as follows.

Since March 2023, the plaintiff has been the only DDC inmate who cannot order commissary items through a tablet or kiosk. (Doc. No. 1 at 5.) Instead, "someone has to order [his] orders for [him]." (*Id.* at 7.) And because the plaintiff cannot get commissary packages on a proper timeline, he has been wearing old underwear and t-shirts (*id.*) and been told that he "stinks" by other inmates. (Doc. No. 6 at 1.) The plaintiff considers the commissary issue to be the product of discrimination. (*See* Doc. No. 1 at 7.) He personally "talk[ed] with" Chief Conrad and Administrator Joseph" about this issue (*Id.* at 5) and references the attached grievances "to show the problem." (*Id.* at 6.)

Through a grievance submitted on June 9, 2023, the plaintiff alleged that he "put in for indigent package this week but didn[']t receive it from the commissary people." (Doc. No. 1-1 at 6.) The response to that grievance states: "You refused your indigent package several times. We will bring the package from 6/1 to you this week." (*Id.*)

Through another grievance submitted on July 4, 2023, the plaintiff alleged that it was "another month" in which he could not "order a hygiene package for the poor. . . . This has been

---

[1] One of these letters is docketed as a motion (Doc. No. 4), and that motion will be granted.

going on for five months[.] This [i]s becoming discriminatory." (*Id.* at 4.) Supervisor Earl responded that he "submitted an inquiry" to "figure out why you haven't received your indigent even after completing the bubble sheet." "In the meantime," Earl wrote, Case Manager Mayberry would give the plaintiff "hygiene items until we can get the issue resolved." Earl also advised the plaintiff to "write a direct grievance to commissary in order for them to give you a status and/or reason why you haven't received an indigent package. Please continue to follow up with your case manager until this issue is resolve[d]." (*Id.* at 5.) The plaintiff appealed Earl's response, stating that he felt he was "being discriminated against either by DCSO or the commissary people." (*Id.* at 4–5.) The response to the plaintiff's appeal states that he had "an indigent order placed" for July, and that he "received indigent orders in the months of March, April and June. I do not know if you placed an order or if it didn't go through in May." (*Id.* at 5.)

Through a grievance submitted on August 3, 2023, the plaintiff alleged, "[I] was suppose to receive my 90 indigent package clothes from two weeks ago but didn't receive them[. I] was told last week by the commissary supervisor they would come today they didn't." (*Id.* at 2.) The response to that grievance states: "[Y]ou have been told in person and repeated grievances that you will not be eligible for clothing until 8/14/23." (*Id.* at 3.)

Finally, through a grievance submitted on August 14, 2023, the plaintiff alleged: "Here it is another month and can't put in my indigent order it says put it in on the fourteenth of August and can't like keep asking I'm I being targeted." (*Id.* at 1.) There is no response to this grievance on the form filed by the plaintiff. (*Id.*)

B. **Legal Standard**

On initial review, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the

3

complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C. Analysis

A Section 1983 claim has two elements. "First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Here, regardless of whether all defendants are properly named state actors, the plaintiff fails to state a claim because he has not plausibly alleged a violation of federal law.

The plaintiff cannot bring a claim based solely on the lack of access to commissary items because, "as a general matter, there is no constitutional right to commissary access." *Wolfe v. Alexander*, No. 3:11-cv-0751, 2014 WL 4897733, at *8 (M.D. Tenn. Sept. 30, 2014). And the plaintiff cannot bring a claim of discrimination based on the commissary issue because his allegations of discrimination are entirely unsupported by factual matter. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 342 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678) ("A complaint that sets forth conclusory allegations of discriminatory intent or unconstitutional conduct without additional supporting details is not sufficient to support relief.").

For a convicted inmate like the plaintiff, limitations on commissary access could, in theory, violate the Eighth Amendment if those limitations result in conditions of confinement that are not "humane." *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (collecting cases). But to state a

4

claim on this basis, an inmate must allege "that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). And here, while the court does not doubt that the plaintiff finds his alleged circumstances uncomfortable or unpleasant, he does not allege that the commissary issue led to such objectively inhumane conditions as to rise to the level of an Eighth Amendment violation. *See id.* (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.")).

### III. Conclusion

For these reasons, the plaintiff will be granted pauper status, this case will be dismissed for failure to state a claim, and the court will certify that any appeal in this matter would not be taken in good faith. The court, therefore, will not grant the plaintiff leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3)

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge